IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JORGE B. MENACHO,
        Plaintiff,

v.                                                Civil Action No. 3:17-cv-00428-JAG

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NA AS TRUSTEE
AS SUCCESSOR BY MERGER TO LA SALLE
BANK NA AS TRUSTEE FOR WAMU MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-
AR12 TRUST,
        Defendant.

## OPINION

In 2012, Jorge Menacho defaulted on his mortgage, and the defendant, U.S. Bank, foreclosed on his home. Menacho claims U.S. Bank breached the "Applicable Law" provision in his mortgage by foreclosing upon his home in violation of the Home Affordability Modification Program ("HAMP") Supplemental Directive No. 09-01 ("Supplemental Directive 09-01"). U.S. Bank filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Menacho fails to state a plausible claim for relief because Supplemental Directive 09-01 does not create an independent cause of action or qualify as "Applicable Law" as defined in the deed of trust. The Court therefore grants the defendant's motion to dismiss.

## I. BACKGROUND

In August of 2006, Menacho entered into a mortgage with Washington Mutual Bank by signing a note secured by a deed of trust. Washington Mutual Bank later transferred the note to U.S. Bank. The deed of trust contained a provision stating the right to foreclosure was "subject to any requirements and limitations of Applicable Law" which, as defined in the deed, included

federal administrative orders and rules.[1] Chase Bank serviced the loan and acted as an agent to the bank.

In February 2009, Congress passed the Making Home Affordable Program, which included HAMP, the program at issue here. HAMP incentivizes servicers to enter into agreements with borrowers like Menacho in order to make monthly mortgage payments more affordable. Also in 2009, the Secretary of the Treasury set out certain guidelines, including Supplemental Directive 09-01. This directive prohibits loan servicers from proceeding with a foreclosure sale for any loan potentially eligible for a HAMP loan modification until the applicant has been deemed ineligible. Menacho alleges that "Applicable Law" under the deed of trust includes this directive.[2] On May 11, 2012, Menacho applied for a HAMP loan modification. On June 7, 2012, U.S. Bank, through a substitute trustee, conducted a foreclosure auction. At the time of the auction Menacho had not received any response to his HAMP application. U.S. Bank had the high bid and received ownership of Menacho's property. U.S. Bank also reported the foreclosure to credit bureaus and initiated eviction litigation against Menacho in state court.

Menacho now claims U.S. Bank breached the "Applicable Law" provision when it foreclosed on his home without first ensuring his application for loan modification had been evaluated.

---

[1] The deed of trust defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of laws) as well as all applicable final, non-appealable judicial opinions." (Am. Compl. at 3.)
[2] In his Amended Complaint Menacho also claimed the applicable law provision incorporated 12 C.F.R. § 1024.41. (Am. Compl. at 5.) He later withdrew this claim in the opposition memorandum to the present motion, and the Court therefore dismisses the claim.

## II. DISCUSSION[3]

Menacho has not identified any legally-enforceable obligation or duty that U.S. Bank has violated. Menacho's alleged source for a cause of action—Supplemental Directive 09-01—is not enforceable for two reasons. First, HAMP directives do not create a private cause of action on their own. Second, Supplemental Directive 09-01 does not create an enforceable right through the "Applicable Law" provision of the contract.

HAMP regulations do not create private causes of action on their own. *Simon v. PNC Bank, National Association, et al.*, 2017 WL 3726059 at *9 (E.D. Va. August 29, 2017). An applicable law provision in a deed of trust may, however, incorporate government regulations in certain circumstances. *See Mathews v. PHH Mortgage Corp.*, 724 S.E.2d 196, 202 (Va. 2012). Such circumstances do not exist here.

First, it remains unsettled whether applicable law provisions incorporate laws enacted after the execution of a contract. *See Simon*, 2017 WL 3726059 at *6–7 (deciding not to rule on the question due to "lingering uncertainty" created by conflicting federal and state holdings on the issue); *Combs v. U.S. Bank National Association*, 2017 WL 2805494 at *5–6 (E.D. Va. June 28, 2017) (ruling that later enacted laws are not incorporated into an applicable law provision

---

[3] The defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3

based on the interpretation of the Supreme Court of Virginia on the issue).[4] The Court need not address this unsettled issue because, even assuming that a later-passed law could retroactively apply to the "Applicable Law" provision, the directive here does not constitute a rule with the effect of law.[5]

Federal law determines whether a federal regulation has the effect of law. *Mathews*, 724 S.E.2d at 204–05. In order for an agency to create a rule with the effect of law, the agency must act pursuant to the notice and comment procedures in the Administrative Procedure Act. *Simon*, 2017 WL 3726059 at *9 (citing *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995)). Supplemental Directive 09-01 was not subject to the notice or comment requirements, and simply provides guidance to servicers on the obligations under HAMP. *Simon*, 2017 WL 3726059 at *10 (citing Supp. Directive No. 09-01, at 1–2). Supplemental Directive 09-01 is therefore only an "interpretive rule" applicable as guidance from the agency, and not with the effect of law. *Simon*, 2017 WL 3726059 at *10. Supplemental Directive 09-01 does not fall within the "Applicable Law" provision of the deed of trust, and does not provide an enforceable right.

---

[4] Menacho also references several Virginia Circuit Court cases, including *Hatung v. Servicis One* and *Gillis v. Deutsche Bank*, for which no order or opinion has been published or attached as an exhibit. The Court does not consider these cases.

[5] In his opposition memo, Menacho requested that the Court certify the question of whether the deed of trust could incorporate the Supplemental Directive to the Supreme Court of Virginia. The issue, however, has no bearing on the case, and the Court will not certify the question.

## IV. CONCLUSION

Menacho fails to allege sufficient facts to state a claim for breach of contract, and the Court grants the defendant's motion to dismiss.

An appropriate Order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: December 19, 2017
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge